**In re Glenn Samuel RATLIFF, and Peggy Marie Ratliff, Debtors.**

**Bankruptcy No. 81–01732–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 9, 1983.

John B. Mann, Levit & Mann, Richmond, Va., for debtors.

W. Griffith Purcell, Purcell, Cherry, Kerns & Abady, Richmond, Va., for creditors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Glenn Samuel Ratliff and Peggy Marie Ratliff, the debtors herein, of an application to reopen their bankruptcy case for the purpose of scheduling Sonja Lezoche and Lisa Lezoche as creditors and for the purpose of adding additional items of personal property in the possession of Sonja Lezoche. Upon the filing by the Lezoches of an objection to the application to reopen the debtors' case and after hearing and upon the submission of briefs, this Court makes the following determination.

### STATEMENT OF THE FACTS

The Ratliffs filed their petition in bankruptcy with this Court on October 9, 1981, and received their discharge in bankruptcy on January 26, 1982. This Court closed the debtors' case on February 12, 1982, and they filed their application to reopen the case on June 1, 1982. Peggy Ratliff separated from her husband in November, 1980, and shared a house with Sonja Lezoche from November, 1980, to February, 1981. Peggy Ratliff testified that Sonja Lezoche invited her to move into her house in Amelia County, Virginia, and asked only that she purchase her own food and pay one-half of the cost of the utilities. Mrs. Ratliff stated Mrs. Lezoche told her she did not need to pay rent. Mrs. Ratliff remained with Mrs. Lezoche until February 27, 1981, at which time she and Glenn Ratliff relocated to Tuscon, Arizona for approximately four months. Before Mrs. Ratliff left for Tuscon, she sold Mrs. Lezoche her equity in her house trailer for the amount of $3,000.00. She also sold Mrs. Lezoche three horses and tack for a promissory note in the amount of $1,000.00. In addition she left at Mrs. Lezoche's house a number of items of personal property including an exercise bike, two automobiles, two dump trucks, two trailers, two motorcycles, and numerous other miscellaneous items. On the day they received their discharge in bankruptcy, the Ratliffs filed suit in Amelia County General District Court to recover 15 of those items valued at $7,500.00. The value assigned in the warrant to several of the properties including the dump trucks and the automobiles substantially exceeded the values assigned those same properties in the debtors' bankruptcy petition. Furthermore, several of the items listed in the Ratliff's detinue warrant were omitted from the debtors' bankruptcy petition. Mrs. Ratliff testified she did not list those items in her bankruptcy petition because she thought Mrs. Lezoche had disposed of them.

The Lezoches filed a counterclaim for rent against the Ratliffs and subsequently filed a counterclaim for the reclamation of funds paid for the purchase of the mobile home. The Amelia County General District Court, on April 27, 1982, granted judgment for the Lezoches on the counterclaims. Shortly thereafter, on May 28, 1982, the Ratliffs filed the application herein to reopen their bankruptcy case to list in their bankruptcy schedules these debts. Mrs. Ratliff testified that she did not know of the existence of these debts until the Lezoches filed their counterclaims.

### CONCLUSIONS OF LAW

Whether a court should open a bankruptcy case remains a matter of discretion and courts have developed the "exceptional circumstances test" to determine in which instances they should use their equitable discretion to reopen a case. *In re Fortin,* 3 B.C.D. 72, 73 (Bkrtcy.S.D.N.Y.1977). The exceptional circumstances test requires that "... the case be a no-asset one, that there be no fraud or intentional laches; and that the creditor was omitted through mistake or inadvertence." *In re Benak,* 374 F.Supp.

499, 500 (D.Neb.1974). See also, *In re Souras,* 19 B.R. 798 (Bkrtcy.E.D.Va.1982).

11 U.S.C. § 350(b) provides that "[a] case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Bankruptcy Rule 515 which implements this section also recognizes that relief to a debtor is a proper cause for reopening a bankruptcy case. It is clear that the adding of additional creditors, whose debts may be dischargeable in bankruptcy, accords relief to the debtors.

 This Court believes that the debtors' omission of these creditors was not intentional, and that it is reasonable to assume that the debtors would not have instituted the litigation in the General District Court of Amelia County if they thought it would precipitate counterclaims with potential liabilities in excess of the value of their own cause of action. It was only as a result of the counterclaims that their knowledge of the indebtedness arose. All of this occurred subsequent to the granting of the discharge in bankruptcy. The debtors' listing of the value of the assets at one amount in their petition and at a much higher amount in their detinue action in the General District Court does not in and of itself indicate fraud. The debtors overvalued their assets in the detinue warrant in order to recover as much as possible for their claim against the Lezoches. If they had recovered more than they claimed, they could have amended their homestead deed to show the greater valuation up to the limit allowed under the Commonwealth of Virginia's exemption statutes. Debtors may amend their homestead deeds to increase the stated value of exempt property even after filing their bankruptcy petitions. *See, In re Waltrip,* 260 F.Supp. 448 (E.D.Va. 1966).

The debtors failed to include in their bankruptcy petition certain property which they included in their detinue warrant filed in the General District Court. This oversight is an insufficient basis for this Court to deny the debtors the right to amend their schedules to include these creditors considering the insignificance of the assets which were excluded, the debtors' explanation of their non-inclusion, and the overriding policy of bankruptcy law to provide debtors with fresh starts in life. See, *Local Loan Company v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).

11 U.S.C. § 523(a) provides that a discharge under § 727 does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice of actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . . .

A review of the case file reflects that creditors were advised not to file proofs of claim and that at a subsequent time, if the estate appeared to have assets available for liquidation, creditors would be notified to file claims. No notification has yet been made in this proceeding. Thus with respect to § 523(a)(3)(A), the time for filing proofs of claim has not expired.

Section 523(a)(3)(B) is modified by § 523(c). Section 523(c) states that a debtor shall be discharged from debts specified in paragraphs (2), (4), or (6) of subsection (a) of this section unless on request of the creditor and after notice and hearing, the Court determines that debt to be excepted from discharge under one of those paragraphs. Bankruptcy Rule 409 as amended by Interim Rule 4003 requires creditors to file complaints to determine the dischargeability of debts within ninety days after the

date set for the first meeting of creditors although courts may shorten that period by as much as sixty days. The record of this proceeding reflects that said ninety day period has expired, however, § 523(c) excludes from that time limitation any exception to dischargeability provided by § 523(a)(3)(B). If Sonja Lezoche or Lisa Lezoche had no notice or actual knowledge of the bankruptcy case and have causes of action arising under § 523(a)(2), (4), or (6) the savings provisions of § 523(a)(3)(B) and 523(c) are available to them even though a timely scheduled creditor would now be barred from filing a complaint under § 523(a)(2), (4), or (6).

For the foregoing reasons, it is the opinion of this Court that the Ratliffs' application to reopen their bankruptcy case for the purpose of scheduling Sonja Lezoche and Lisa Lezoche as creditors should be allowed.