**In re Johnnie Mae MINNIEFIELD, Debtor.**

**Bankruptcy No. 83–03998.**

United States Bankruptcy Court, N.D. Alabama.

Aug. 29, 1984.

Harry P. Long, Anniston, Ala., for debtor.

MEMORANDUM OPINION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

This matter comes before the Court upon the filing by the debtor herein, Johnnie Mae Minniefield, of a motion to reopen her bankruptcy case for the purpose of amending her petition so as to schedule the University of Alabama Health Services Foundation, Department of Anesthesiology, as a creditor. Based upon the motion, attached affidavit, and applicable case law, the Court makes the following determination.

*Statement of the Facts—*

The debtor filed her petition in bankruptcy with this Court under the provisions of chapter 7, United States Code, on July 27, 1983, and received her discharge in bankruptcy on October 27, 1983. By order of the Court dated July 29, 1983, creditors were advised that it was unnecessary to file a proof of claim at that time as it appeared from the schedules of the debtor that there were no assets from which any dividend could be paid to creditors. The case was closed on November 21, 1983. The debtor thereafter filed a motion to reopen the case, notice of hearing was sent August 15, 1984, and a hearing was held on August 21, 1984, at Anniston, Alabama. In her schedule of creditors having claims without priority the debtor listed both the University of Alabama in Birmingham, Department of Obstetrics & GYN, and the Board of Trustees of the University of Alabama, d/b/a University Hospitals & Clinics. After her discharge in bankruptcy, the debtor was served with a complaint on a debt to the University of Alabama Health Services Foundation, Department of Anesthesiology, for a debt that arose before the filing of her petition in bankruptcy. The debtor stated in her affidavit attached to the motion to reopen the case that she did not know of this debt prior to filing her petition and thus she did not schedule the above-named creditor.

*Conclusions of Law—*

11 U.S.C. § 350(b) provides that "[a] case may be reopened in the court in which such

case was closed to administer assets, to accord relief to the debtor, or for other cause." Bankruptcy Rule 5010 prescribes that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." The Advisory Committee Note to Rule 5010 quotes § 350(b) of the Code, recognizing that relief to the debtor is a proper cause for reopening a bankruptcy case. It is clear to the Court that the adding of additional creditors, whose debts may be dischargeable in bankruptcy accords relief to the debtors.[1]

Whether a court should reopen a bankruptcy case is, however, a matter of discretion and courts have developed the "exceptional circumstances test" to determine in which instances they should use their equitable discretion to reopen a case.[2] The exceptional circumstances test requires that the case be a no-asset case, that there be no fraud or intentional laches, and that the creditor was omitted through mistake or inadvertence.[3]

The Court has reviewed the case file and finds that it reflects that creditors were advised not to file proofs of claim, as it appeared that there would be no assets from which to pay a dividend to creditors. Further, the Court is satisfied that the debtor has committed no fraud in her failure to schedule the creditor and it appears that the debtor filed her motion to reopen this case promptly after receiving notice of the creditor's pending lawsuit against her.

Finally, the debtor, by affidavit, stated that she had no knowledge of the debt that is the subject matter of this motion prior to filing her bankruptcy petition. It appears to the Court that the debtor mistakenly or inadvertently omitted scheduling the creditor, as the debtor thought that she had scheduled all debts owed to the University Hospitals & Clinics by her listing on Schedule A-3 of the petition.

For the foregoing reasons, it is the order of the Court that the debtor's motion to reopen this case for the purpose of scheduling the University of Alabama Health Services Foundation, Department of Anesthesiology, as a creditor is granted.

**1.** *In re Ratliff,* 27 B.R. 465, 467 (B.C.E.D.Va. 1983).

**2.** *In re Ratliff,* 27 B.R. 465, 466 (B.C.E.D.Va. 1983); *In re Souras,* 19 B.R. 798, 801 (B.C.E.D.

Va.1982); *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964).

**3.** *In re Ratliff,* 27 B.R. 465 (B.C.E.D.Va.1983); *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964).