**In re Tracy Darnell GRUBBS, Beverly Ann Dean Grubbs, Debtors.**

**Bankruptcy No. 7–81–01044.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Jan. 11, 1985.

Jonathan S. Kurtin, Roanoke, Va., for debtors.

Arthur P. Strickland, Roanoke, Va., for Old Dominion Distributors, Inc.

Roy V. Creasy, Roanoke, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue involves the question of reopening a closed case for the purpose of adding pre-petition creditors.

The Debtors, on August 25, 1981, filed their petition in this Court under Chapter 7 liquidation which, following the administration thereof, was closed as a no asset, no distribution case on November 30, 1982.

The Debtor, Tracy Darnell Grubbs, now files his motion to reopen the case for the purpose of adding Old Dominion Distributors, Inc., a pre-petition creditor. The motion was set for hearing after notice and, upon hearing, it appeared to the Court as follows, essentially from the testimony of the Debtor.

The Debtor testified that ten or eleven years prior to the petition, a contract was entered into with Old Dominion Distributors, Inc. involving the purchase of a refrigerator-freezer under a food stocking arrangement; that the freezer was left with the Debtor's former wife when the parties separated with the understanding and agreement that the wife would continue to make payments thereon. The Debtor further testified that he was unaware that Old Dominion Distributors, Inc. had asserted any liability against him as he had received no prior notice of such a claim;[1] that he had checked with the Credit Bureau in Lynchburg, his former residence, in an effort to compile a list of creditors of himself and his former wife to use in his petition,

and Old Dominion Distributors, Inc. was not one of the creditors listed; that the first time he knew of the liability claimed by Old Dominion Distributors, Inc. was on July 24, 1984 when he received a letter demanding payment of an obligation. Upon receipt of this information, the Debtor thereupon immediately contacted his attorney, who shortly thereafter filed the motion to reopen the within case and add Old Dominion Distributors, Inc. as a creditor.

11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

The foregoing Section has been construed by the Fourth Circuit Court of Appeals, in *In re Hawkins,* 727 F.2d 324, C.C.H. (Bankr.) 69, 763, (4 Cir.1984), in which the Court held that the exercise of the above provision rests in the discretion of the Bankruptcy Court under the facts and circumstances of the respective case under consideration.

A further recent, well reasoned decision concerning the reopening of cases and adding creditors is *In re Ratliff,* 27 B.R. 465 (E.D.VA 1983). There, the court was considering a similar issue and concluded that where the debtor inadvertently or unintentionally omitted creditors of which he was unaware, that equity required the court in furthering the principle of a fresh start to debtors to reopen and add such creditors.

In *Ratliff, supra,* as was the case here, creditors were advised not to file claims inasmuch as no distribution was likely pursuant to *Federal Bankruptcy Rules* 7002(e) and 3002(c)(5). Hence, the time within which claims may be filed as provided by 11 U.S.C. § 523(a)(3)(A) remains open. *See* in accord *In re Stark,* 717 F.2d 322, C.C.H. (Bankr.Rep.) 69, 392 (7 Cir. 1983).

After a mature consideration of the foregoing facts, it appears to the Court that the omission of this creditor in the original schedules was unintentional and without

---

1. Old Dominion had in 1977 obtained a judgment against Debtor in the State Court which

Debtor denied any knowledge of or having ever been served with process.

knowledge of the alleged claim. The Debtor, in fact, testified that he was unaware that Old Dominion Distributors, Inc. had ever asserted a claim against him arising out of the freezer transaction. *See In re Stark, supra; Kenneally v. Standard Electronics Corp.*, 364 F.2d 642 (8th Cir. 1966); *In re Cafferky*, C.C.H. 66, 518 (E.D.TN 1977).

Accordingly, it is the conclusion of the Court that the motion to reopen and add said creditor should be granted and, accordingly, it is

### ADJUDGED and ORDERED

that this case be, and the same is reopened, costs waived, said creditor added and given proper notice thereof, and that said creditor shall have a period of thirty (30) days from this date within which to file a complaint seeking a determination of the dischargeability of its debt and, failure to so do, said indebtedness shall stand discharged at the conclusion of said thirty-day period.