**In re Charles W. HOOD and Ruth H. Hood, Debtors.**

**Bankruptcy No. 82–00090.**

United States Bankruptcy Court, N.D. Alabama.

Nov. 21, 1984.

As Amended April 5, 1985.

Charles L. Denaburg, Marvin E. Franklin, Birmingham, Ala., for debtors.

James E. Hedgspeth, Jr., Gadsden, Ala., for creditor.

## MEMORANDUM OF OPINION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

This matter comes before the Court upon the motion of the debtors herein, Charles W. Hood and Ruth H. Hood, to reopen their bankruptcy case for the purpose of amending Schedule A–3 of their petition by adding Elmer Hester as a creditor. After consideration of the motion, the debtors' memorandum of law, and applicable case law, the Court makes the following determination.

*Findings of Fact—*

On January 7, 1982, the debtors filed with this Court a petition in bankruptcy under the provisions of Chapter 7, Title 11, United States Code. They received their discharge in bankruptcy on July 29, 1983. By order of the Court dated January 11, 1982, creditors were advised that it was unnecessary to file a proof of claim at that time, as it appeared from the schedules filed by the debtors that there were no assets from which any dividend could be paid to creditors. The case was closed on November 11, 1983, and on May 16, 1984, the debtors filed a motion to reopen the case. A hearing was held upon the debtors' motion on June 6, 1984, at Gadsden, Alabama, with only the debtors, the debtors' attorney, the attorney for Elmer Hester, and the trustee present before the Court. At the hearing, the debtors' attorney stated that in 1981, before the filing of the bankruptcy petition, the debtors had sold to Elmer Hester an x-ray machine. A complaint was filed by Elmer Hester in the Circuit Court of DeKalb County, Alabama, on May 5, 1983, naming debtor Charles Hood as a defendant and claiming damages in Count III thereof for fraud and misrepresentation by the defendants in connection with the sale of said x-ray machine to the plaintiff. It is not clear to the Court when the debtors first received notice of the filing of said complaint, although the debtors assert in their memorandum of law that it was "some months later before the debtors were served and became aware of Mr. Hes-

ter's claim against them."[1] The attorney for Elmer Hester has not filed any response to the debtors' memorandum and the assertion that the debtors learned of the complaint pending in state court after the date of discharge has not been contradicted by Mr. Hester or his attorney. Elmer Hester was not scheduled as a creditor of the debtors when their petition was filed and the debtors assert that they had no knowledge of any claim against them by Elmer Hester at the time of said filing.

*Conclusions by the Court—*

Title 11, U.S.C. § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." This Court has previously held that the adding of additional creditors, whose debts may be dischargeable in bankruptcy, accords relief to the debtors.[2]

In considering whether to exercise its discretion to reopen the above-styled case the Court has relied upon the "exceptional circumstances" test, which requires that the case be a no-asset case, that there be no fraud or intentional laches, and that the creditor has been omitted through mistake or inadvertence.[3] A review of the case file by the Court reflects that creditors were advised not to file proofs of claim, as it appeared that there would be no assets from which to pay a dividend to creditors. It further appears to the Court that the debtors have committed no fraud by their failure to schedule the creditor, nor has there been any showing by the creditor that the debtors failed timely to request the Court to reopen the bankruptcy case. Finally, it appears to the Court that the debtors had no cause to know of any claim by the creditor at the time of the filing of the petition or at any time prior to being served with the complaint in the state court action. Though it cannot accurately be said that the debtors mistakenly or inadvertently omitted scheduling the creditor, this Court finds that the debtors' failure to schedule the creditor was not the result of any willful or careless omission.

Consideration of the applicable sections of the Code and Rules demonstrates that the creditor is due to be allowed to file a complaint to determine the dischargeability of the subject debt.

Section 523(c) of Title 11, U.S.C. provides that except as provided in subsection (a)(3)(B) of § 523, the debtor shall be discharged from a debt specified in paragraph (a)(2) (obtaining money, property, services or credit by fraud or false financial statement); (a)(4) (fraud or defalcation by a fiduciary, embezzlement or larceny); or (a)(6) (willful and malicious injury), unless, upon the request of the creditor, the Court determines the debt to be excepted from discharge.

Bankruptcy Rule 4007, which addresses determinations of dischargeability of debts, provides in pertinent part:

"(b) A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of the additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors ...."

Section 523(a) provides that a discharge under 11 U.S.C. § 727 "does not discharge an individual debtor from any debt—(3) neither listed nor scheduled under § 521(1) of this title ... in time to permit—(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs ...." Thus, to invoke the § 523(a)(3)(B) exception

---

1. Debtors' memorandum of law, P. 3.

2. *In re Minniefield,* 42 B.R. 508 (B.C.N.D.Ala. 1984).

3. *In re Minniefield,* 42 B.R. 508 (B.C.N.D.Ala. 1984); *In re Ratliff,* 27 B.R. 465, 10 B.C.D. 352 (B.C.E.D.Va.1983); *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964).

to § 523(c), there must have been a failure to list or schedule the creditor in time to permit a seasonable claim and a timely request for determination of dischargeability of such debt under paragraphs (2), (4) or (6).

[W]hen a no-asset notice has been sent to creditors and no subsequent dividend notice has been sent, a creditor scheduled incident to a reopening has not lost the opportunity to file a proof of claim sufficient for him to share equally in a subsequent distribution with creditors who were initially scheduled.[4] Bankruptcy Rule 3002(c) provides that the creditor may later file claims if assets are discovered after the notice of no dividend. No notice has been sent pursuant to Rule 3002(c)(5), so that with respect to § 523(a)(3)(B), the time for filing proofs of claim has not expired. Because the creditor *was deprived* of the opportunity to assert an exception to discharge under § 523(a)(2), the Court does not agree that this still-open season for filing claims avoids the triggering of § 523(a)(3)(B).[5] That conclusion does not, however, strip the motion to reopen the case of its "exceptional circumstances" aspect stated in *Robinson v. Mann,*[6] for the outcome of a contest under § 523(a)(3)(B) cannot be predicted and may go in favor of the debtor.

Of course to invoke the § 523(a)(3)(B) exception to § 523(c), the creditor must show that he actually had grounds under § 523(a)(2), (4) or (6), and that the debtor's failure to schedule the creditor was a deprivation of the opportunity to assert these grounds at the proper time.[7] As § 523(c) expressly provides, when § 523(a)(2), (4) or (6) issues are presented in the context of § 523(a)(3)(B), they are not subject to the restrictions of § 523(c);[8] likewise, the time constraint of 1983 Bankruptcy Rule 4007(c)

does not apply to the filing of a complaint which asserts a discharge exception under § 523(c). In the circumstances of a case such as this, the case should be reopened, held open a reasonable period of time, and then closed if a complaint under § 523(a)(3)(B) is not filed. This *may avoid* a second reopening for the filing of a complaint—thus promoting judicial efficiency—while avoiding a pending case with no termination date.

Mr. Hester may or may not be able to show grounds for nondischargeability under § 523(a)(2), (4) or (6). The Court is of the opinion that he should be given the opportunity to seek a determination of the dischargeability of his claim while the case is reopened. Therefore, for good cause found, it is the ORDER of the Court that the above-styled bankruptcy case be reopened to allow the debtors to add Elmer Hester as a creditor, that the case be held open 30 days, that the case then be closed if said creditor has not filed a complaint to determine the dischargeability of the subject debt within such period, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors; the debtors' attorney; the trustee; James Hedgspeth, Esquire; and the United States trustee.

---

4. *Matter of Zablocki,* 36 B.R. 779, 782, 10 C.B. C.2d 133, 11 B.C.D. 521 (B.C.D.Conn.1984); *In re Stark,* 717 F.2d 322, 324 (7th Cir.1983).

5. *But see In re Laczko,* 37 B.R. 676, Bkrty.L.Rep. ¶ 69,806 (BAP 9, 1984), distinguishing *In re Stark,* 717 F.2d 322 (7th Cir.1983). See also, *Milando v. Perrone,* 157 F.2d 1002 (2d Cir.1946).

6. 339 F.2d 547 (5th Cir.1964).

7. *Matter of Zablocki,* 36 B.R. 779, 10 C.B.C.2d 133, 11 B.C.D. 521 (B.C.D.Conn.1984); See, 1 Norton, *Bankruptcy Law and Practice,* § 27.67 at 94 n. 10 (1981).

8. *Matter of Zablocki,* 36 B.R. 779, 10 C.B.C.2d 133, 11 B.C.D. 521 (B.C.D.Conn.1984); *In re Ratliff,* 27 B.R. 465, 10 B.C.D. 352 (B.C.E.D.Va. 1983).