**In the Matter of Lawrence and Evelyn SMITH, Debtor(s).**

**Bankruptcy No. 85–2343.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1986.

Ray Shaw, Spring Hill, Fla., for debtor.

Daniel Rock, New Port Richey, Fla., for Joseph Arena.

Lawrence Kleinfeld, St. Petersburg, Fla., trustee.

ORDER ON MOTION TO EXTEND TIME TO FILE AN OBJECTION TO THE DISCHARGE OF A DEBT AND A MOTION AUTHORIZING A 2004 EXAMINATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a motion filed by Joseph Arena (Arena) who seeks an order extending the time to file an objection to the discharge of a debt, that is, seeking a determination of the non-dischargeability of an obligation and, at the same time, seeks authorization to conduct an examination of Lawrence Smith pursuant to Bankruptcy Rule 2004. The facts relevant to the resolution of the motion are

without dispute and appear to be as follows:

Prior to the commencement of this Chapter 7 case, Arena filed a suit against the Debtor in the Circuit Court for Pasco County. On August 9, 1985 counsel for the Debtor filed a suggestion for bankruptcy in the State Court action. It is without dispute that on August 9th there was no bankruptcy case pending initiated by or against the Debtor. Having verified this fact with the Bankruptcy Court, Arena advised the Circuit Court who then proceeded with the case and on August 12, 1985 entered a final judgment in favor of Arena and against the Debtor.

The Petition for Relief under Chapter 7 was filed on August 26, 1985. It is without dispute that Arena was not scheduled as a creditor by the Debtor and, consequently, he did not receive notice of the filing nor of the bar date to file a Complaint, either objecting to the discharge or to seek a determination of the non-dischargeability of debts pursuant to § 523(a)(2), (4) and (6), a bar date which was fixed by the order entered by this Court on December 2, 1985.

It further appears and it is without dispute that one Mr. Berstein filed a suit against Arena and the Debtor in the Circuit Court for Hernando County but, after having received a Suggestion of Pendency of Bankruptcy, filed a voluntary dismissal of the suit against the Debtor. The notice of voluntary dismissal did not mention anything about the pendency of a bankruptcy, but merely stated that the Plaintiff desired to dismiss his action against the Debtor.

It further appears that when counsel for Arena received a copy of the notice he merely contacted Mr. Bernstein when he learned of the time, on December 11, that the Debtor, in fact, filed bankruptcy. Immediately thereafter, that is, the following day, the attorney for Arena filed a Motion to Extend Time also a Motion Seeking Authority to Examine the Debtor under Bankruptcy Rule 2004. It is without dispute that on December 23 the general bankruptcy discharge was issued and the Debtor received his discharge. Of course the discharge ordinarily would have discharged all his debts, including those which could have been challenged under § 523(a)(2), (4) and (6) of the Bankruptcy Code, the type of debt claimed to be owed by the Debtor to Arena.

It is the contention of counsel for Arena that inasmuch as he was not scheduled, did not receive any notice, and did not actually learn about the pendency of the bankruptcy until the expiration of the time originally fixed by this Court, he should be permitted to obtain an order extending the time and giving him an opportunity to litigate his claim that the debt represented by the final judgment obtained against the Debtor is a non-dischargeable obligation based on § 523(a)(6) of the Bankruptcy Code.

In opposition, it is the contention of the Debtor that since the time already expired to challenge the dischargeability based on § 523(a)(2), (4) and (6) of the Bankruptcy Code, the time fixed by the Court can no longer be changed and, therefore, the creditor is forever barred from litigating his claim.

The difficulty with the contention of the Debtor is that the last day to file such a Complaint pursuant to Rule 4007(c) would have been December 23, which is 60 days from the date of the first date set for the Meeting of Creditors pursuant to § 341. While it is true that the order entered by this Court fixed the bar date to be December 2, the fact remains that, theoretically, the time could have been extended if there was a timely motion filed prior to the expiration of the bar date. The question remains of whether the bar date can be extended if a motion is filed prior to the expiration of the 60 days but after the bar date fixed by order of the court.

■ This brings into play the equitable consideration of the matter and, considering the totality of the evidence, this Court is satisfied that it is more than justified to grant a motion and extend the time and authorize Arena to file a Complaint challenging the dischargeability of a debt owed to him which is represented by a judgment

**48**

pursuant to § 523(a)(6) of the Bankruptcy Code. This being the case, this Court is satisfied that the Motion to Extend the Time is well taken and should be granted.

■ It is further the opinion of this Court that in light of the fact that Arena never had an opportunity to examine the Debtor since Arena was not scheduled as a creditor nor notified of the Meeting of Creditors, he should be given an opportunity to conduct such an examination. It should be noted, also, that the Statement of Affairs filed by the Debtor indicated that Arena obtained a judgment against the Debtor on which there was an attempt made to levy and, therefore, it is very awkward and hard indeed to contend that omission from the list of creditors was an oversight or forgetfulness. Be that as it may, the matter under consideration does not involve a claim on non-dischargeability based on § 523(a)(3) but merely seeks an extension of time which, as noted earlier, under the circumstances would be appropriate and proper.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that a Motion to Extend the Time to File a Complaint pursuant to § 523(c) based on the claim of non-dischargeability pursuant to § 523(a)(6) be, and the same is hereby, granted and Arena is granted thirty (30) days from the date of entry of this order to file such a Complaint if so deemed to be advised. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Authority to Conduct a 2004 Examination be, and the same is hereby, granted and the Debtor shall submit to a properly noticed examination at a time and place convenient to both parties.