**In the Matter of Allen M. SENALL, d/b/a Senall Farms, d/b/a A.M. Senall Company, Debtor.**

**CARLTON FORGE WORKS, et al., Plaintiff,**

v.

**Allen M. SENALL, Defendant.**

**NEWPORT HOME LOAN TRUST NO. 110, Newport Home Loan, Inc., Robert E. Griffin, Russell J. Torge and Cort Kloke,**

v.

**Allen M. SENALL, Defendant.**

**Bankruptcy No. 83–383.
Adv. Nos. 85–177, 85–273.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 25, 1986.

See also, Bkrtcy., 55 B.R. 517.

Hywel Leonard, Tampa, Fla., for Carlton, et al.

Don Stichter, Tampa, Fla., for defendant.

Thomas Mimms, Tampa, Fla., for Newport.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a claim of nondischargeability asserted in two adversary proceedings, one commenced by Carlton Forge Works, et al (Carlton), Plaintiff in Adversary Proceeding No. 85–177; and the other by Newport Home Loan Trust No. 110 (Newport), Plaintiff in Adversary Proceeding No. 85–273. Both Plaintiffs assert their claims under § 523(a)(3)(B) and allege that Allen M. Senall, the Debtor (Debtor), failed to notify them of the bankruptcy case in time to file a complaint pursuant to § 523(c). The material facts relevant to the resolution of this controversy are undisputed and are as follows:

On February 25, 1983, the Debtor filed his Petition for Reorganization under Chapter 11 of the Bankruptcy Code. In the initial notice and order for meeting of creditors entered by the Court, the Court set May 19, 1983 as the last day to file complaints to determine dischargeability of debt pursuant to § 523(a)(2), (4), and (6) of the Bankruptcy Code. The Debtor did not list or schedule any of the Plaintiffs in either adversary proceeding as creditors as required by § 521(1), and none of the Plaintiffs received notice of the pending case or had actual knowledge of the case prior to May 19, 1983. In fact, the Plaintiffs first discovered the pendency of the Chapter 11 case in October, 1983, long after the bar date for filing such complaints had passed, when Carlton attempted to make service of process on the Debtor in connection with the California lawsuit in which the Debtor, Carlton, Newport Homes and others are all involved. The California complaint, which was brought by Carlton Forge, et al, names the Debtor and Newport Homes, among others, as Defendants, and asserts causes of action for damages, fraud, concealment, negligent misrepresentation, breach of fiduciary duty, negligence, breach of third party beneficiary contract, and declaratory and injunctive relief. Newport Home, et al, filed a cross-complaint against Carlton, the Debtor, and others for fraud and deceipt, declaration of rights, indemnity, negligence, waste, and slander of title. This California lawsuit is still pending.

After learning of the pendency of this Chapter 11 case, both Plaintiffs, Carlton and Newport, filed respective motions to extend the deadline for filing a complaint to determine dischargeability of debt under

§ 523(a)(2) which excepts from discharge a debt obtained by false pretenses, a false representation, or actual fraud. In the alternative, both Plaintiffs filed motions for relief from automatic stay in order to proceed in the lawsuit against the Debtor.

By order entered February 11, 1985, this Court denied the motion to extend the deadline for filing the complaint and the motions for relief from stay, and directed Carlton and Newport to file complaints to determine dischargeability of debt under § 523(a)(3)(B), the matters which are now before this Court in the form of a motion for summary judgment.

■ The Debtor's only dispute as to the facts outlined above is that the Debtor asserts that as trustee of Carlton Forge's profit-sharing plan, the Bank of America National Trust and Savings Association (Bank), one of the Plaintiffs in Adversary Proceeding No. 85-177, did have notice of the Debtor's bankruptcy petition and was listed as a creditor in the Debtor's schedules. It is true that the loan adjustment center of the Pasadena, California branch of the Bank was scheduled as a creditor and noticed of the bankruptcy; however, as a matter of law, this notice was insufficient to notify the Bank in Los Angeles, California, as trustee of Carlton Forge Profit-Sharing Plan, of the pendency of the Chapter 11 case. The Pasadena branch of the Bank had loaned the Debtor $110,000.00 to purchase an aircraft, and the Debtor had defaulted in his obligation. The Bank had foreclosed its security interest and sold the aircraft, and a deficiency in the amount of approximately $54,000.00 remained after the sale. The notice of bankruptcy subsequently received by the Pasadena branch did not in any way indicate that any claim other than the deficiency judgment owed the Pasadena branch was involved, and the Bank quite reasonably assumed that the notice related to that deficiency claim and had no reason to refer the notice out to its other branches. The Debtor never sought to notice the Bank of America in Los Angeles in its capacity as trustee, and the Debtor cannot preclude a challenge to dis-

chargeability because of his own failure to notify and schedule his creditors. *See Decker v. Roes*, 32 B.R. 385 (N.J.1983).

■ Having resolved the only factual issue in dispute, this Court now turns to the Motions for Summary Judgment filed by the Plaintiffs. § 523(a)(3)(B) states:

A discharge under Section … 1141 … of this title does not discharge an individual debtor from any debt—neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—if such debt is of a kind specified in ¶ (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debts under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Applying this Section to the facts of this case, this Court is satisfied that the Plaintiffs are entitled, as a matter of law, to prevail on their respective Motions for Summary Judgment. Bankruptcy Rule 4007(c) requires that a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code, which includes a complaint under § 523(a)(2), the complaint the Plaintiffs would have brought had they been notified of the bankruptcy, shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). Of course, creditors like the Plaintiffs in this case who have no notice of the bankruptcy case also have no notice of the meeting of creditors pursuant to § 341(a), and therefore cannot meet the 60 day time limit to file a complaint imposed by Bankruptcy Rule 4007(c).

It is stated in *Weintraub and Resnick Bankruptcy Law Manual* (Rev. ed. 1986) at § 3.09[3] that:

… in general, if the debt is neither listed nor scheduled in time to permit the timely filing of a proof of claim it is non-dischargeable. Moreover, if the debt would have been non-dischargeable be-

cause it is based on fraud (the second exception), misconduct of a fiduciary or embezzlement or larceny (the fourth exception), or willful and malicious injury (the sixth exception), that the creditor failed to challenge non-dischargeability on these grounds because the creditor did not know about the bankruptcy case and the debt was not listed or scheduled in time to permit making such a challenge, the failure to list or schedule the debt constitutes in and of itself, sufficient grounds for rendering the debt non-dischargeable.

In *In re Gelman*, 5 B.R. 230, (S.D.Fla. 1980), the Court interpreted § 523(a)(3)(B) and finds that "any debt which is not so scheduled in time to permit timely filing of a proof of claim and timely request for determination of dischargeability is not discharged unless the creditor had notice or actual knowledge of the case in time for such timely filing and request."

In spite of the plain reading of § 523(a)(3)(B) and the above cited authority, the Debtor contends that before the Plaintiffs avail themselves of § 523(a)(3)(B), they must first prove that the claim is non-dischargeable under § 523(a)(2), (4), or (6). Although this Court is not oblivious to the authorities in support of this argument cited by the Debtor, *see, i.e., In re Hood*, 48 B.R. 386 (N.D.Ala. 1984), and *Matter of Zablocki*, 36 B.R. 779 (D.Conn.1984), this Court is not persuaded to accept this argument.

The Debtor's argument requires a non-scheduled creditor not only to establish that he was not scheduled, but also that he has a non-dischargeable debt pursuant to § 523(a)(2). It also requires a creditor who has no notice or knowledge of the pendency of the bankruptcy case to prove that he has a non-dischargeable debt *before he is allowed* to file a complaint to determine that debt to be non-dischargeable. This circular reasoning, in addition to being redundant and illogical on its face, completely emasculates the purpose of § 523(a)(3)(B), and imposes a heavier burden on a creditor who has no notice of the bankruptcy than on a creditor who has notice. Moreover, creditors who have not been scheduled or noticed of a petition in bankruptcy are denied numerous rights afforded creditors with notice, most notably the right to participate meaningfully in the administration of the estate, the right to examine the debtor in the meeting of creditors pursuant to § 341, the right to file a proof of claim, and, as in issue here, the right to file a complaint to determine if a debt is non-dischargeable. To make a creditor prove his claim to be non-dischargeable before he can avail himself of § 523(a)(3)(B) is like pouring salt in the creditor's wounds.

The sole purpose of § 523(a)(3)(B) is to allow creditors who have not been noticed of the pendency of a bankruptcy petition in time to file a claim or to request a determination of dischargeability to escape the time limits imposed by Bankruptcy Rule 4007(c). Nothing in § 523(a)(3)(B) suggests that a creditor must prove his claim before he is entitled to fall within its provisions. It is important to point out that the merits of the Plaintiffs' claims are not established by a finding that § 523(a)(3)(B) applies. The Plaintiffs claims are not excepted from discharge on their face, but rather are excepted from discharge to the extent that the Plaintiffs can establish in the California lawsuit that their claim arose from the Debtor's fraudulent conduct.

Based on the foregoing, this Court is satisfied that the undisputed facts established at the hearing on the Plaintiffs' Motions for Summary Judgment are that the Plaintiffs were neither listed nor scheduled under § 521(1) in time to permit them to file a timely adversary proceeding to determine dischargeability of their claims under § 523(a)(2)(A), and that they did not have notice or actual knowledge of the case in time for such timely filing of the adversary proceeding. As a matter of law, the Plaintiffs are entitled to evoke § 523(a)(3)(B) and have their claim excepted from discharge to the extent that the Plaintiffs establish in the California lawsuit that the claims are based on false pretenses, false representations, or actual fraud.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motions for Summary Judgment in the above-captioned adversary proceedings be, and the same are hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that to the extent the Plaintiffs can establish the Debtor's fraud in the California action, that damages resulting from such fraud be, and the same are hereby, declared to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(3)(B).

A separate final judgment will be entered in accordance with the foregoing.