In the Matter of Wayne Elliot ROSE, Debtor.

SHELBY MUTUAL INSURANCE COMPANY, Plaintiff,

v.

Wayne Elliot ROSE, Defendant.

Bankruptcy No. 87–1899–8B7. Adv. No. 87–333.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 15, 1988.

Herbert Baumann, Jr., Tampa, Fla., for plaintiff.

William Golson, for defendant.

## ORDER ON DEBTOR/DEFENDANT ROSE'S MOTION TO DISMISS

THOMAS E. BAYNES, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the Motion to Dismiss filed by Debtor/Defendant Rose (Debtor) in the above-captioned adversary proceeding. Debtor seeks the dismissal of the Amended Complaint to Determine Dischargeability of Debt under § 523(a)(6) filed by Plaintiff, Shelby Mutual Insurance Company (Shelby). The relevant facts for resolution of this matter are as follows:

On April 10, 1987, Debtor filed his Chapter 7 Voluntary Petition. The Schedules and mailing matrix in the general bankruptcy file list Shelby as a creditor as well as Shelby's attorney, David R. Powers. Prior to the filing of the bankruptcy case, attorney Powers represented Shelby in state court proceedings against the Debtor. The state court proceedings culminated in the final judgment sought to be determined nondischargeable in the adversary proceeding herein.

On the date of the filing of the Chapter 7 Petition, Debtor's attorney notified Shelby's attorney, Herbert J. Baumann, Jr., that the Petition had been filed. On April 16, 1987, this Court entered an order scheduling the Meeting of Creditors for May 15, 1987 and setting July 14, 1987 as the deadline for filing its Complaint under § 523 of the Bankruptcy Code. Notice of the Meeting of Creditors was mailed to Shelby at its Ohio address and Shelby's state court counsel, David R. Powers. On May 29, 1987, Shelby filed its Proof of Claim in the amount of $75,042.62, which was signed by attorney Baumann. Thereafter, on August 19, 1987, Shelby filed this adversary proceeding seeking a determination that the judgment debt is nondischargeable pursuant to 11 U.S.C., § 523(a)(6). An Amended Complaint was filed on August 24, 1987.

In support of his Motion to Dismiss, Debtor maintains Shelby's Complaint was untimely filed, thirty-six days after the deadline for filing a Complaint under § 523(c). Shelby's response is that the delay in filing the Complaint was the result of Debtor's attorney's failure to properly notify Shelby's counsel of the Meeting of Creditors in accordance with Bankruptcy Rule 4007(c). Thus, the resolution of this matter requires a determination of whether the Debtor gave Shelby sufficient notice pursuant to Bankruptcy Rule 4007(c) to enable Shelby to timely file its Complaint under § 523(c).

Shelby relies on *Matter of Pagan*, 59 B.R. 394 (D.Puerto Rico 1986) for the proposition that formal notice is required in order for a creditor to be charged with notice of a proceeding. In *Pagan*, formal notice of the Chapter XI case was not mailed to the creditor's correct address. However, the creditor did have actual knowledge that the case was pending. After the case was closed, the creditor sought to have the case reopened to assert a claim of fraud. The district court affirmed the bankruptcy court's decision not to reopen the case. It found the creditor was given sufficient notice and delayed a substantial

period of time before seeking to reopen the case to file its Complaint.

The case at bar is not one where a creditor has received no notice. *Carlton Forge Works v. Senall (Matter of Senall)*, 64 B.R. 325 (Bankr.M.D.Fla.1986); *Matter of Smith*, 58 B.R. 46 (Bankr.M.D.Fla.1986). It is not one where the notice was sent to the wrong or an intentionally erroneous address. See *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Tatum (In re Tatum)*, 60 B.R. 335 (Bankr.D.Colo.1986). It is not a case where the Debtor has somehow illegally, fraudulently, or by misrepresentation led the creditor to waive his right to file a complaint. This is a case where the present attorney of the Debtor was given notice at the time of the filing of the bankruptcy. The creditor and his previous state court counsel received notice. It is a case where the creditor filed a timely Proof of Claim. The Proof of Claim was signed by present counsel.

The only argument before the Court is whether the notice was insufficient whereby an Order for Relief was not specifically sent to present counsel. The Court finds Shelby Mutual Insurance Company did receive sufficient notice, as did all counsel. Shelby could have filed a motion for extension of time to file its complaint. Instead, it simply delayed filing its complaint until after the deadline set by the Court of July 14, 1987. See *Carlton Forge Works v. Senall (In the Matter of Senall)*, 64 B.R. 325 (Bankr.M.D.Fla.1986); *In Re Alton*, 64 B.R. 221 (Bankr.M.D.Fla.1986); *In re Betinsky*, 58 B.R. 814 (Bankr.E.D.Pa.1986).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the Debtor be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Amended Complaint to Determine Dischargeability filed by Shelby Mutual Insurance Company be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that this Court does not have the authority to extend the time for filing a Complaint to Determine Dischargeability after such time has expired. Bankruptcy Rule 4007(c). It is further

ORDERED, ADJUDGED AND DECREED that nothing in this Order shall prevent Shelby Mutual Insurance Company from filing any complaint other than one under Section 523(c) of the Bankruptcy Code.