Hughes Alonzo ROBINSON, Appellant,

v.

Tommy C. MANN, Trustee, et al.,
Appellees.

No. 21370.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1964.

Hughes Alonzo Robinson, Sr., Fort Valley, Ga., for appellant.

George E. Saliba, E. S. Sell, Jr., William Joseph Patterson, Jr., John D. Comer, Macon, Ga., for appellees.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal by the bankrupt is from a decision of the District Court affirming orders of the Referee in Bankruptcy setting aside a conveyance of real property as fraudulent under § 67, sub. d(2) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2); and denying leave to amend the creditors schedule so as to include a debt owed to the Citizens & Southern National Bank.

### I.

Appellant, in his capacity as guardian ad litem for his children, first contends that the Referee and the District Court erred in setting aside the conveyance as fraudulent, and that the Referee had no jurisdiction to take such action in a summary proceeding. The facts relating to these contentions are as follows. On June 1, 1961, appellant executed a deed conveying his house and lot at Fort Valley, Georgia, for no consideration to his three minor children. On October 9, 1961, he filed a voluntary petition in bankruptcy. The trustee in bankruptcy then filed a petition seeking to set aside the June 1 conveyance as in fraud of creditors. Two of the minor children were personally served, and the third was served by publication pursuant to Rule 4 (e), F.R.Civ.P., and 28 U.S.C.A. § 1655. The three minor children never appeared, but on October 23, 1962, appellant accepted appointment as guardian ad litem to represent the children in the proceeding.

The cause was tried before the Referee as a summary proceeding, rather than a plenary one. At the date of bankruptcy, appellant had debts in excess of $30,-000. Aside from the house conveyed to the minor children (found by the Referee to be worth $15,500), his only asset was an automobile worth $1,291. He testified that his financial condition was even worse on June 1, the date of the conveyance, although he did not realize it at the time.

Section 67, sub. d(2) of the Bankruptcy Act provides in pertinent part:

"Every transfer made * * * by a debtor within one year prior to the filing of a petition initiating a proceeding under this title * * * is fraudulent (a) as to creditors existing at the time of such transfer * * * if made * * * without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent * * *."

The Referee found that the conveyance was made within one year prior to bankruptcy, without consideration, and that appellant was insolvent at the time. These findings were not clearly erroneous; indeed, they are fully supported by appellant's own testimony. Consequently, we hold that the Referee was correct in setting aside the conveyance. It is insisted that the conveyance was not

made with intent to defraud creditors, but this of course is no defense. By the express terms of § 67, sub. d(2), intent is irrelevant.

Objection is also made to the summary jurisdiction of the bankruptcy court. Normally a suit by the trustee to set aside a conveyance as fraudulent under § 67, sub. d must be a plenary one, and the bankruptcy court is without jurisdiction to proceed summarily. Cline v. Kaplan, 1944, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. However, this rule obtains only when possession of the property is in the adverse claimant. It is established that the bankruptcy court has summary jurisdiction to adjudicate claims to all property within its actual or constructive possession. See Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. And constructive possession exists as to all property in the actual physical possession of the bankrupt at the date of the petition, even though title to the property may have been conveyed to another. See Thompson v. Magnolia Petroleum Co., supra, and Mueller v. Nugent, 1902, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405. The Referee found that at all times after the conveyance and at the date of the petition, appellant remained in actual possession of the property. This finding also is not clearly erroneous, and is supported by appellant's own testimony. The bankruptcy court thus having constructive possession of the property, it had summary jurisdiction to set aside the conveyance.

## II.

When the creditors schedules were drawn up in October 1961, appellant informed his attorney of a note owing to the Citizens & Southern National Bank in the amount of $1,100. The debt had been assigned to the bank by the Home Roofers & Builders, Inc., and arose in connection with repair work performed on his house. The attorney erroneously concluded that the debt was only a lien against the property, i. e., that there was no personal liability. Since the property had been conveyed to the minor children, the attorney intentionally failed to list the debt on the creditors schedules. In point of fact, the bank has no lien and appellant is personally liable on the note.

The first meeting of creditors was held on October 26, 1961. From this date up until December 19, 1962, appellant was apparently without the services of an attorney. At the suggestion of the Referee, he then employed a second attorney, and on December 28, 1962, this attorney petitioned the bankruptcy court to amend the creditors schedules so as to include the debt owed the Citizens & Southern National Bank. The Referee denied the amendment on the grounds that amendments more than six months after the first meeting of creditors were barred by § 57, sub. n of the Bankruptcy Act, 11 U.S.C.A., § 93, sub. n. The District Court affirmed, and this ruling is now challenged.

Section 57, sub. n of the Bankruptcy Act provides:

"* * * Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *."

This section has generally been held to operate as an absolute bar against creditors who seek to present their claims beyond the six months deadline. Matter of Brill, D.C.N.Y., 1931, 52 F.2d 636. The section has also often been applied to prevent the bankrupt from amending his schedules after six months. Phillips v. Tarrier Co., 5 Cir., 1938, 93 F.2d 674, Matter of Trosky, D.C.N.Y., 1931, 55 F.2d 995; In Re Dunn, W.D.Wash., 1941, 38 F.Supp. 1017. There is some authority that § 57, sub. n is an absolute bar to amendments by the bankrupt just as it is to presentment of claims by creditors. In re Hawk, 8 Cir., 1902, 114 F. 916. In Phillips v. Tarrier Co., supra, we did not reach this question, but held that in any event, amendment would be allowed only in exceptional circumstances. No exceptional circumstances appearing in that case, the amendment was denied.

We do not think that § 57, sub. n deprives the courts of power to allow amendments by the bankrupt more than six months after the first meeting of creditors. That section is addressed to creditors, not to the bankrupt. Its primary purpose is to prod creditors to seasonably present their claims, not to force bankrupts to seasonably present their amendments. A bankruptcy court is a court of equity, and in an appropriate case its inherent equity powers may be invoked to allow amendment after six months. Fourteenth Ave. Security Loan Ass'n v. Squire, 3 Cir., 1938, 96 F.2d 799; In re Boynton, W.D.Wash., 1938, 24 F.Supp. 267. However, amendments should not be allowed as a matter of course. Section 57, sub. n evinces a statutory purpose to achieve speed and certainty in bankruptcy proceedings, and this purpose could be defeated by excessive amendments which disrupt and prolong administration of the bankrupt's estate. Consequently, we hold that the proper rule is that amendment by the bankrupt may be allowed more than six months after the first meeting of creditors, but only in exceptional circumstances appealing to the equitable discretion of the bankruptcy court. See Phillips v. Tarrier Co., supra. In exercising this discretion, the Referee should, of course, consider such factors as may be offered in justification of the failure to originally list the creditor in question. In this case these will also include the circumstances attendant to the failure of counsel to have originally listed the creditor, the degree of disruption which would result from allowing the amendment, and whether any creditor including the unlisted creditor would be prejudiced thereby.

From the present record, we are unable to determine with certainty whether the Referee denied the amendment on the ground that he had no power to allow it under § 57, sub. n or on the ground that this was not an appropriate case for the exercise of his discretion. In view of the conflict in authority and lack of a controlling decision by this court heretofore, the Referee's decision could have been based on either ground. Therefore, we hold that this case should be remanded to allow the Referee to reconsider the application to amend in the light of the equitable discretion which we have here held that he possesses.

Affirmed in part; vacated and remanded in part for further proceedings not inconsistent herewith.