**In re Edward J. ZIBRO, Jr., Debtor.**

**Bankruptcy No. 81–00817–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

Jan. 31, 1984.

———

Charles W. Throckmorton, Winchester, Va., for William Dunne.

Edmund A. Adamo, Sparta, N.C., for debtor.

## ORDER DENYING DEBTOR'S MOTION TO AMEND SCHEDULES

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS CAUSE came before the Court on the motion of the debtor, Edward J. Zibro, Jr., for leave to amend his schedules to include a creditor, William Dunne. On December 9, 1983, this Court, 35 B.R. 875, entered its order reopening the case and setting an evidentiary hearing. The evidentiary hearing was held on January 9, 1984, at which time the Court heard testimony from both the debtor and Mr. Dunne, received documents into evidence, and heard argument of counsel. For the reasons stated below, the Court denies the debtor's motion.

The chronology of relevant events, as stipulated by the parties, is set forth below:

| | |
|---|---|
| May 28, 1981 | Voluntary Chapter 7 Petition filed |
| August 25, 1981 | Last date for filing objections or exceptions to discharge |
| September 2, 1981 | Debtor's discharge signed |
| October 26, 1981 | Order approving Trustee's report of no distribution and closing estate |
| December 26, 1981 | Last date for filing proofs of claim |

Early in 1983, William Dunne, who was not listed as a creditor in the debtor's bankruptcy schedules, sued the debtor in New York. In his lawsuit, Dunne seeks damages in the principal amount of $28,557.80 arising out of a pre-petition transaction. The parties have stipulated that Dunne did not have actual or constructive knowledge of the debtor's bankruptcy before December 26, 1981 (the last date for filing proofs of claim) and this was supported by the evidence at the hearing.

On July 25, 1983, as a result of Dunne's lawsuit, the debtor filed the instant motion for leave to amend his schedules to include Mr. Dunne as an unsecured creditor. As noted above, the Court has reopened the case for the purpose of considering this motion.

11 U.S.C. § 523(a)(3)(A) provides, in relevant part:

(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; ...

Under this section, the debtor's indebtedness to Dunne is not discharged because Dunne had no actual knowledge or notice of the case in time to file a timely proof of claim. However, the debtor has asserted that "exceptional circumstances" exist which would justify the Court, in its discretion, in allowing the debtor to amend his schedules and thereby obtain a discharge of his debt to Mr. Dunne. *Cf. Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964). In *Robinson*, the court stated:

[W]e hold that the proper rule is that an amendment by the bankrupt may be allowed [after the bar date for filing proofs of claim] but only in exceptional circumstances appealing to the equitable discretion of the bankruptcy court.... In exercising this discretion, the Referee should, of course, consider such factors as may be offered in justification of the failure to originally list the creditor in question. In this case these will also include the circumstances attendant to the failure of counsel to have originally listed the creditor, the degree of disruption which would result from allowing the amendment, and whether any creditor including the unlisted creditor would be prejudiced thereby.

*Id.* at 550.

The evidence at the hearing established that the debtor is the former president and sixty-five percent shareholder of E.J. Zibro Tire & Appliance, Inc. ("EJZ, Inc."). For many years, EJZ, Inc. had purchased its insurance from Dunne's insurance company.

In June, 1979, EJZ, Inc. owed $27,118.24 in past due insurance premiums to Dunne's company. In order to eliminate this receivable, Dunne, who had long been a personal friend of the debtor, arranged for a loan from Marine Midland Bank to EJZ, Inc. On June 29, 1979, EJZ, Inc. executed a demand note in favor of Marine Midland Bank in the principal amount of $28,000. The debtor signed this note on behalf of EJZ, Inc. On the reverse side of the note, the signatures of the debtor and Dunne, in that order, appear as guarantors of the obligation.

EJZ, Inc. made none of the monthly payments required under the note, which immediately went into default. On December 3, 1979, Dunne, who had been required to honor his guaranty, paid Marine Midland the sum of $28,557.80. It is this payment for which Dunne seeks contribution or indemnification from the debtor in the pending New York lawsuit.

At the hearing, the debtor testified that he had become ill in the fall of 1980 and had delegated control over EJZ, Inc. to his attorney, Lawrence Conners. Dunne testified that, after paying the note in December, 1979, he mentioned the obligation to the debtor on several occasions. Dunne also conferred with attorney Conners about all of the outstanding obligations, including the Marine Midland obligation, both before and after the debtor's departure from the company. The Court received into evidence a statement dated May 13, 1980 (more than one year before bankruptcy was filed) which referenced the Marine Midland obligation and which was delivered to the debtor's attorney.

Applying the *Robinson* guidelines to these facts, the Court finds that exceptional circumstances do not exist and that it would be inequitable to allow the debtor to amend his schedules at this late date. The debtor had both actual knowledge (by virtue of his execution of the Marine Midland note and his conversations with Dunne) and constructive knowledge (through his attor-

ney) of his obligation to Dunne in connection with the Marine Midland note. The Court finds that the debtor was aware that the sole purpose of this borrowing was to enable EJZ, Inc. to retire its outstanding account balance with Dunne's insurance company.

Dunne, on the other hand, is an innocent party who has suffered financial loss as a result of the debtor's conduct. Dunne would be further prejudiced by being belatedly added to the debtor's schedules in that he has now incurred the additional expense of commencing the New York lawsuit against the debtor. The Court finds insufficient justification for the debtor's failure to originally schedule Dunne as a creditor. The Court finds that it would be inequitable under the circumstances of this case to allow the debtor to obtain a discharge of his indebtedness to Dunne by amending his schedules more than two years after obtaining his original discharge.

Accordingly, the debtor's motion to amend his schedules is denied and Dunne's claims against the debtor are unaffected by the debtor's discharge.