**In re Jack Emerson WADE (S.S. #292–26–2210), Debtor.**

**Jack Emerson WADE, Plaintiff,**

**v.**

**Roy JONES and Richard McGimsey, Defendants.**

**Bankruptcy No. 84–00331. Adv. No. 86–0084.**

United States Bankruptcy Court, M.D. Louisiana.

Aug. 7, 1986.

Della O. Hayes of Baton Rouge, La., for debtor/plaintiff.

Richard L. McGimsey, Baton Rouge, La., pro se and for defendants.

## REASONS FOR JUDGMENT

WESLEY W. STEEN, Bankruptcy Judge.

### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

### II. Facts

The facts are undisputed. Wade, a contractor, built a house and sold it to Jones who later sold it to Moore. Moore sued Jones for reduction in the purchase price due to redhibitory defects consisting of a sunken den that flooded as a result of defects in the construction of the foundation. Jones filed a third party claim against his vendor, Wade.

Judgment in state court was awarded in favor of Moore against both Jones and Wade. Judgment was also awarded in favor of Jones against Wade for: (i) $1500 attorney's fees, and (ii) any amount that Jones might have been required to pay Moore.

Subsequent to these events, on May 1, 1984, Wade filed for Chapter 7 bankruptcy relief; a discharge was entered on October 23, 1984. Moore was listed as a creditor in Wade's proceedings and had actual knowledge of the case; Jones was not listed and apparently had no actual knowledge of the proceeding in time to file a proof of claim.

### III. Law

Section 523(a)(3) of the Bankruptcy Code provides that debts not listed timely for a creditor to assert his rights are not discharged. There is no real dispute that the claim involved in this proceeding was not listed in the schedules timely.

Debtor's counsel has done an outstanding job of arguing that the case fits within judicial· exceptions to the statutory rule. In brief, there appear to be two judicial exceptions: first, amendments to the schedules are allowed in some cases to add credi-

tors in no asset cases; second, such amendments are sometimes allowed in cases where the debtor actually listed a primary obligee but not a creditor who succeeded the primary obligee's, rights by subrogation, frequently without the debtor's knowledge.

▮ The exception discussed in first line of cases (the "no asset case" exception) is not persuasive, at least in the case at bar. First, an amendment that adds a creditor in "no asset cases" might be effective to discharge the debt when creditors have been excused from filing proofs of claim by notice from the Clerk that the case is a no asset case; in such cases the tardy amendment of schedules fits within the statutory scheme since the time for filing a proof of claim will not have run.[1] These "Clerk noticed no asset cases" should not be confused with cases in which no such notice was given, but in fact no assets were distributed by the trustee. The case at bar is the latter, not the former, kind of no asset case. Second, for reasons explained in the creditor's memorandum, the fact that the case is a "no asset case" is not conclusive that the creditor has not been harmed by not being listed. There is the potential that participation by the creditor would have resulted in avoidance of preferential or fraudulent conveyances, dismissal of the case, realization of greater value on sale of assets, election of a more energetic trustee, *etc.* Third, the only authority from the Fifth Circuit Court of Appeals that this Court can find regarding this issue is *Robinson v. Mann*,[2] which does not control the instant case because the statute is different, but which is persuasive because of the basis of decision in that case.

The Fifth Circuit in *Mann* concluded that an amendment of schedules to add a creditor was permitted after a proof of claim could no longer be filed because the Bankruptcy Act, then in effect, by its terms limited only the time for filing proofs of

claim and did not limit the amendment of schedules. The Court reasoned that the objective of the statutory limit was to require creditors to be prompt. Since the statute did not limit late schedule amendments, the Court concluded that such amendment was permissible, but out of fairness to creditors whose claims would be barred the Court concluded that schedule amendments would be allowed only in "exceptional circumstances appealing to the equitable discretion of the bankruptcy court."[3] Since the statutory language has been changed to refer specifically to listing of creditors timely to permit proofs of claim, the logic of *Robinson v. Mann* would seem to preclude amendment after the bar date for filing proofs of claim. Even if it does not, the "exceptional circumstances" required for tardy schedule amendment are not met in this case for reasons set forth in the following paragraphs.

▮ The second line of cases allows discharge of a debt, notwithstanding the failure to list the creditor, when the debtor listed the primary obligee instead of the party entitled to payment through assignment or subrogation. That line of cases is factually distinguishable and not persuasive in the case at bar. The judgment against Wade clearly created a claim in favor of Jones; this is not a case of subrogation or assignment. Wade owed Jones $1500 *plus* any sum that Jones paid Moore. If there was any doubt, it could have been only as to the *amount* that Wade owed Jones, not as to the existence of the debt.

## IV. Contempt

The complaint seeks damages for contempt for the creditor's taking a judgment debtor rule and garnishment subsequent to discharge. The Debtor alleges that such collection activity is a violation of § 524. However, the injunction in that section only applies to debts that were discharged. As

---

1. See Bankruptcy Rule 3002(c)(5). That would, of course, not be a variation from the statute since the amendment would be timely for creditors to file proofs of claim under the cited rule.

2. 339 F.2d 547 (5th Cir., 1964).

3. *Ibid.,* at 550.

explained above, this debt was not discharged. The state court could have adjudicated this issue.[4] Therefore, it appears that there has been no contempt.

## V. Judgment

Mr. McGimsey is directed to submit a judgment in accordance with this opinion.