United States Court of Appeals,

Fifth Circuit.

Nos. 95-20020, 95-20622.

In the Matter of Alan J. FADEN;  Harriet B. Faden, Debtors.

Alan J. FADEN;  Harriet B. Faden, Appellants,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

Oct. 9, 1996.

Appeals from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and GOODWIN[1] and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Alan J. and Harriet B. Faden appeal rulings by the bankruptcy court, affirmed by the district court, declaring non-dischargeable a debt owed to Insurance Company of North America ("INA") because of a failure of notice, 11 U.S.C. § 523(a)(3), and granting an award of attorney's fees and costs to INA.  We affirm.

BACKGROUND

In 1984 Alan Faden invested in a Texas limited partnership known as Kentex Thoroughbred Ltd. No. 1.  He financed most of this investment, executing an INA surety bond, an Investor Bond Indemnification and Pledge Agreement, and related investment documents.  Following default in payment, INA secured a state judgment against Mr. Faden.

In August 1991 Alan and Harriet Faden filed a Chapter 7 petition in bankruptcy.  Appellants' counsel asked them to provide INA's correct address, among others, for their petition.  The appropriate mailing address appeared throughout Alan Faden's investment documents with INA as "c/o Waite Hill Services, Inc., 1000 Virginia Center Parkway, Richmond, Virginia 23295."

The debtors, however, failed to provide this information to counsel.  Thus, the burden of obtaining the correct address fell on counsel's secretary, who resorted to the telephone book for

[1]Circuit Judge for the Ninth Circuit, sitting by designation.

INA's address. The address for INA listed in the Southwestern Bell Business White Pages for the Greater Houston Area during March 1991 through March 1992 was: "INA ... see CIGNA Companies-CIGNA Property & Casualty Companies.... CIGNA Companies ... 1360 Post Oak Boulevard." Counsel's secretary sent the notice to this address, but made an error in transcribing CIGNA's suite number.

INA never received notice. The Fadens received a bankruptcy discharge in December 1991. After learning of the Fadens' discharge, INA filed adversary proceedings alleging that because the Fadens failed to properly notify INA, the debts owed to INA were non-dischargeable pursuant to 11 U.S.C. § 523(a)(3).

The bankruptcy court agreed with INA and found that "Alan Faden was not forthcoming with his counsel as to his creditors' addresses," and that his "testimony was vague and not credible as to why he did not make a good faith effort to provide a correct address for this creditor." In addition, the court found that as a joint debtor Harriet Faden was also obligated to provide INA proper notice. The Fadens then moved for reconsideration, arguing for the first time that the court should allow an out-of-time amendment to include INA. The bankruptcy judge denied the motion.

The district court affirmed. The Fadens appealed to this Court. The bankruptcy court then entered an Amended Judgment awarding INA attorney's fees and costs incurred in connection with the adversary proceedings. The district court again affirmed and the Fadens timely appealed. We consolidated the two appeals for our disposition.

## DISCUSSION

### A. Standard of Review

The bankruptcy court's findings of fact "will not be set aside unless clearly erroneous." *Matter of Delta Towers, Ltd.,* 924 F.2d 74, 76 (5th Cir.1991). However, "when a finding of fact is premised on an improper legal standard, that finding loses the insulation of the clearly erroneous rule." *Matter of Fabricators, Inc.,* 926 F.2d 1458, 1464 (5th Cir.1991). "Conclusions of law, on the other hand, are subject to plenary review on appeal." *Id.*

### B. Section 523(a)(3)

Section 523(a)(3)(A) of the Bankruptcy Code penalizes a debtor for failing to list all of his creditors and debt on applicable schedules. The statute provides:

> A discharge ... does not discharge an individual debtor from any debt ... neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, *unless such creditor had notice or actual knowledge of the case in time for such timely filing.*

11 U.S.C. § 523(a)(3)(A) (emphasis added). "The burden is on the debtors to complete their schedules accurately." *Matter of Springer,* 127 B.R. 702, 707 (Bankr.M.D.Fla.1991). In addition, the burden of proof rests with the debtor to show that a creditor had "notice or actual knowledge" under section 523(a)(3). *U.S., Small Business Admin. v. Bridges,* 894 F.2d 108, 111 (5th Cir.1990).

The bankruptcy court held that Appellants' notice fell short of the constitutional due process requirement to provide notice reasonably calculated under the circumstances. An adjudication that purports to determine the rights of adverse parties will not be accorded finality unless all affected individuals are given notice reasonably calculated to apprise them of the pendency of the proceeding and the scope of their rights, together with information sufficient to provide them with an opportunity to prepare and present a response. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In determining the constitutional adequacy of the notice, *Mullane* made clear that "whether a particular method of notice is reasonable depends on the particular [factual] circumstances." *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 484, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565 (1988).

In this case, Mr. Faden had reliable information in his original investment documents with INA and in INA's correspondence with and suits against him, yet failed to provide any of this information to his attorney. Importantly, INA's Investor Bond Indemnification and Pledge Agreement clearly indicates an INA address where notice should be sent. Despite this readily available information, the Fadens made no attempt to provide *any* address to their counsel. The bankruptcy court was thus correct in holding that Appellants did not reasonably calculate their notice under the circumstances.

Appellants argue that the mailing of notice to CIGNA (INA's parent) as listed in the current Houston telephone book was an act reasonably calculated to notify INA of the Fadens' bankruptcy proceeding. According to Appellants, a telephone directory is a proper source for determining a

creditor's address. While reliance on a telephone directory may be reasonable in some circumstances, it did not suffice here because Appellants could have easily referenced their own files to find the requisite information.[2] "Although a bankrupt is not required to exhaust every possible avenue of information in ascertaining a creditor's address, he must exercise reasonable diligence in accurately scheduling his debts." *Matter of Robertson,* 13 B.R. 726, 731 (Bankr.E.D.Va.1981).

*C. Robinson Factors*

When debtors fail to schedule creditors properly, a bankruptcy court may permit out-of-time amendments, "but only if exceptional circumstances and equity so require[ ]." *Matter of Stone,* 10 F.3d 285, 289 (5th Cir.1994). Appellants therefore argue that the bankruptcy court erred by not allowing an out-of-time amendment to include INA. The decision to reopen a bankruptcy case and allow amendment of schedules is committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion. *In re Jones,* 490 F.2d 452 (5th Cir.1974).

Our decision in *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964), is the touchstone for determining whether a debt is dischargeable under section 523(a)(3). *Stone,* 10 F.3d at 290. *Robinson* identified three relevant factors in evaluating whether a debtor's failure to list a creditor properly will prevent discharge of the unscheduled debt: (1) the reasons the debtor failed to list the creditor; (2) the amount of disruption that would likely occur; and (3) the prejudice suffered by the listed creditors and the unlisted creditor in question. *Robinson,* 339 F.2d at 550.

Under *Robinson's* first factor, "a court should not discharge a debt under section 523(a)(3) if the debtor's failure to schedule that debt was due to intentional design, fraud, or improper motive. If the failure is attributable solely to negligence or inadvertence, however, equity points toward discharge of the debt." *Stone,* 10 F.3d at 291 (citations omitted). "The burden is on the debtor ... to demonstrate absence of fraud or intentional design." *Springer,* 127 B.R. at 708.

In evaluating the debtors' motives, we owe deference to the critical role bankruptcy judges play in making credibility determinations. *See* Fed.R.Civ.P. 52(a); Bankr.R. 8013. In this case, the

---

[2]Therefore, it is irrelevant whether the deficient notice may have resulted from a subsequent secretarial error since Appellant's true error was in not providing his counsel with the proper information in the first place.

bankruptcy court unequivocally found that Mr. Faden's reasons for failing to provide adequate notice were incredulous.

> The Court finds that Alan Faden's testimony was vague and not credible as to why he did not make a good faith effort to provide a correct address for this creditor. Indeed, this Court finds that Debtors demonstrated very little effort to provide counsel with proper addresses as to any of their creditors. However, INA is the only creditor which has pursued the matter.

The court also found that "Alan Faden was not forthcoming with his counsel as to his creditors' addresses." Thus, instead of indicating mere inadvertence, the debtor's testimony suggested to the court that he intentionally or recklessly avoided supplying INA's proper address. Because no evidence suggests that this finding was clearly erroneous, the bankruptcy court did not abuse its discretion in declaring the debt non-dischargeable.

In *In re Matter of Smith,* 21 F.3d 660, 665 (5th Cir.1994), we similarly denied equitable relief. There, debtors first claimed that they could not "find" the creditor in order to properly schedule it. Then, two and one half years later, debtors scheduled the creditor, but listed the wrong address.

> The bankruptcy court found that the debtors could have learned [the creditor's] correct address by picking up the telephone and concluded that it could not condone such "a lack of diligence on the part of the debtor.' Coupled with the fact that the debtors apparently failed properly to schedule a number of other creditors for several years, their error with regard to [this creditor] can hardly be termed mere negligence or inadvertence."

*Id.* at 664. As in *Smith,* the bankruptcy court in this case believed that Appellants were more than negligent in the failure to properly schedule INA. Moreover, like *Smith,* the bankruptcy court found that the Fadens' irresponsibility extended to other creditors as well.

Although *Smith* went on to also find that prejudice had resulted, we have held that a deficiency under *Robinson's* first factor alone permits a court in the exercise of its sound discretion to deny relief. "As our distinguished colleagues in the Sixth, Seventh, and Eleventh Circuits have determined, a court should not discharge a debt under section 523(a)(3) if the debtor's failure to schedule that debt was due to intentional design, fraud, or improper motive." *Stone,* 10 F.3d at 291 (citing *In re Soult,* 894 F.2d 815, 817 (6th Cir.1990); *Matter of Baitcher,* 781 F.2d 1529, 1534 (11th Cir.1986); *In re Rosinski,* 759 F.2d 539, 542 (6th Cir.1985); *Matter of Stark,* 717 F.2d 322, 323-24 (7th Cir.1983)). Thus, even absent prejudice, equitable action should not be taken in cases where the debtor's failure to properly schedule a creditor is a result of more than "mere negligence or

inadvertence."  Therefore, despite the slight prejudice to INA, we find no abuse of discretion in the bankruptcy court's refusal to reopen the case.

We acknowledge, of course, that "section 523(a)(3) must be construed with an eye toward the equitable principles which underlie bankruptcy law."  *Stone,* 10 F.3d at 290.  In fact, the enactment of section 523(a)(3) legislatively overruled an earlier Supreme Court decision requiring strict construction of the no-notice ground for non-dischargeability.  *Id.*  However, there are limits to section 523(a)(3)'s elasticity.  When a bankruptcy judge, after listening to all of the testimony, finds that a debtor shirked his responsibility to provide notice to his creditors, this Court cannot then usurp the role of the bankruptcy judge and mandate its own equitable relief.  We instead must defer to the bankruptcy court's findings relevant to the *Robinson* factors and review only for abuses of discretion.

*D. Harriet Faden*

Harriet Faden filed a joint Chapter 7 petition with her husband, characterizing the debt owed to INA as joint debt.  However, because Mrs. Faden did not sign the INA investment documents and was not named in the INA suit against her husband, she argues that INA failed to state a claim against her.  This argument is unconvincing.  By filing for protection under the Code as a joint debtor, she assumed the obligation to comply with the Code requirements for 11 U.S.C. § 523.  Therefore, the bankruptcy court correctly held that the INA debt was non-dischargeable as to both Harriet and Alan Faden.[3]

CONCLUSION

For the foregoing reasons, the judgments of the district court, affirming the judgments of the bankruptcy court, are AFFIRMED.

POLITZ, Chief Judge, dissenting:

I respectfully dissent from the majority's conclusion that the bankruptcy court did not abuse its discretion when it refused t o reopen the Fadens' bankruptcy so that INA's address could be

---

[3]It is unclear whether Appellants seek to make an independent challenge to the bankruptcy court's award of attorney's fees to INA.  However, given our affirmance of the bankruptcy court's decision on the merits, we can find no basis (and Appellants have offered none) for reversing the bankruptcy court's judgment on this issue.

corrected. In interpreting whether a debt is dischargeable under section 523(a)(3), we have held that when a creditor's claim has not been properly scheduled, the court may use its equitable power to reopen the case to allow a creditor to file a late proof of claim.[1] In making this decision, as the majority correctly points out, we typically have considered the factors outlined in *Robinson v. Mann.*

The majority relies heavily upon the bankruptcy judge's determination that Faden was "not credible as to why he did not make a good faith effort to provide a correct address." The bankruptcy court found that Faden was not forthcoming and that his testimony was vague as to why an appropriate address was not provided. The majority concludes that these "fact findings" by the bankruptcy court "suggest" that Faden intentionally or recklessly avoided supplying INA's proper address. I simply cannot agree. There was no finding by the bankruptcy judge that Faden was reckless or intentionally avoided giving the correct address to his counsel. In fact, there is nothing in the bankruptcy judge's opinion to imply much more than a finding of negligence by the Fadens and, as we have previously ruled, "[i]f the failure is attributable solely to negligence or inadvertence, ... equity points to discharge."[2] The deference we owe to the credibility determinations of the bankruptcy judge cannot justify an implication of a finding of fraud from this record.

I find particularly troubling the majority's assertion that a deficiency under *Robinson's* first factor alone permits a court to deny the equitable relief of reopening the case. *Robinson* and its progeny clearly teach that all of the factors outlined therein are to be considered, not just one of them to the exclusion of the others. The majority would subtlety acknowledge this by noting that in *Smith* when faced with this same issue we went on to consider the amount of prejudice that had resulted to the creditor as a result of the failure to schedule properly, despite a finding of more than mere negligence or inadvertence under the first factor.[3] Neither *Smith* nor *Stone* suggest that a finding of more than "mere negligence or inadvertence" would preclude equitable relief when there was absolutely no prejudice to the creditors caused by the failure to list. Indeed, while we have agreed

---

[1]*Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964).

[2]*Stone v. Caplan (In re Stone),* 10 F.3d 285, 291 (5th Cir.1994).

[3]*Omni Mfg., Inc. v. Smith (In re Smith),* 21 F.3d 660 (5th Cir.1994).

with other circuits that a specific finding of intentional design, fraud, or improper motive would preclude discharge,[4] we have never held that the other *Robinson* factors would not be considered in the analysis.

With this in mind and reviewing the record weighing all three *Robinson* factors, the result I reach is inexorable, and it is diametrically opposed to the decision announced today by the majority. The notice was sent to INA at an address located in the telephone directory. While the suite number was in error, the notice was actually sent to a building almost entirely occupied by CIGNA, the parent corporation of INA. All floors were occupied by CIGNA save one. There is no evidence in this record that this notice was not delivered. It was not returned to the bankruptcy court. I entertain no doubt whatever that this is not the type of deficient notice that qualifies a debt for non-dischargeability.

Moreover, the weight of the two remaining factors tip the scales in favor of reversal. There would have been *no* disruption to the bankruptcy court in disposition of this matter by allowing the Fadens to amend their schedules with the "correct" address for INA. Further, there was absolutely *no* prejudice suffered by INA. The 1989 filing was of a no-asset liquidation. Creditors were informed of that filing and were told that it was not necessary to submit claims because of the asset posture of the case. Creditors were also advised that should assets be discovered which would provide a dividend, a subsequent notice would issue and creditors could then act to protect their interests. That is exactly what occurred. *When assets developed, notice was given to INA and other creditors. INA filed a timely claim.*

Under these circumstances the bankruptcy court should have allowed the Fadens the opportunity to correct the "incorrect" address for INA if such a technicality should have even been entertained. The court readily reopened the bankruptcy to deal with the assets which developed. Any technical address correction deemed necessary should have been allowed. In light of the complete lack of any prejudice whatsoever to this creditor, I am at a total loss to see how the commands of equity and fairness accorded bankruptcy proceedings have prevailed herein. To deny discharge to

---

[4]*Stone,* 10 F.3d at 291.

this debtor is, to me, a miscarriage of justice and is the very antithesis of the intendment of the bankruptcy act, one of our very oldest federal laws.

I must also note that there is jurisprudence within our circuit suggesting that in a Chapter 7 no-asset case, section 523(a)(3)(A) is inapplicable. For INA's claim to be excepted from discharge by 11 U.S.C. § 523(a)(3)(A), the failure to schedule must have deprived INA of an ability to file timely a proof of claim. Here, there was never any deadline set for the filing of proof of claims and, in fact, the notice of the meeting of creditors instructed creditors *not* to file a claim until instructed by the court to do so. Section 523(a)(3) only applies where a proof of claim would have been required, and in no-asset cases, where the creditors are not instructed to file proofs of claim, section 523(a)(3) by its very terms does not apply.[5]

For these reasons and mindful uppermost that bankruptcy law in general and section 523(a)(3) in particular should be construed with an eye toward equity, notions of equity compel me to the conclusion that the bankruptcy judge abused his discretion by refusing to reopen the Fadens' bankruptcy so that the schedule could be amended.

---

[5]*Smith,* 21 F.3d at 663-64, n. 2; *see also Stone,* 10 F.3d at 291 (stating that if no proof of claim deadline has ever been set, § 523(a)(3)(A) is by its own terms inapplicable); *Gordon v. Bulbin (In re Bulbin),* 122 B.R. 161 (Bankr.D.D.C.1990); *In re Hunter,* 116 B.R. 3, 4 (Bankr.D.D.C.1990).