IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60764
_____


In The Matter Of: DOUBLE J OPERATING COMPANY, INC.

                                        Debtor.


- - - - - - - - - - - - - - - - - - - -


DOUBLE J OPERATING COMPANY, INC. &
JOHN B. ECHOLS,

                                        Appellants,

                        versus


MARY MAUDE BIRMINGHAM NICHOLS &
MARY ASHLEY NICHOLS, Executrixes of the Estate
of Robert G. Nichols, Jr. & FIDELITY AND DEPOSIT
COMPANY OF MARYLAND,

                                        Appellees.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

May 13, 2002


Before HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges, and DOWD,
District Judge.*

--------------------------------

    * District Judge of the Northern District of Ohio, sitting by designation.

1

PER CURIAM:[**]

Appellants Double J Operating Company and John B. Echols (collectively the "Appellants") appealed an order of the Bankruptcy Court for the Southern District of Mississippi denying their motion to reopen the bankruptcy case in order to bring an adversarial proceeding against the trustee and his surety on the trustee's bond pursuant to Federal Rule of Bankruptcy Procedure 2010(b). The district court affirmed the bankruptcy court's decision, and an appeal to this court followed.[1] We REVERSE and REMAND with instructions.

The bankruptcy and district court focused on the necessity of the motion to reopen in order for Appellants to file their proposed action against the trustee and his surety. In particular, the bankruptcy court's order provided:

> For the reasons expressed orally in open Court following the conclusion of the hearing, including the Court's findings that:

---

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court's opinion concluded as follows:
> For the foregoing reasons, this Court finds that the bankruptcy court correctly concluded that the debtor's motion to reopen was unnecessary; thus, the bankruptcy judge did not abuse his discretion in denying the debtor's motion to reopen its bankruptcy case. Accordingly,
> IT IS HEREBY ORDERED that the appellants's [sic] *appeal is without merit and is hereby dismissed with prejudice.*

(emphasis added). Sitting as a court of appeal, the district court should have affirmed the bankruptcy court's decision. When a court of appeal affirms a lower court's decision, the court of appeal affirms that the judgment of the lower court is correct and should stand. Although a dismissal of an appeal acts as a confirmation of the judgment below, it suggests that the merits of the appeal were not considered.

1) the *Motion to Reopen the Bankruptcy Case* was filed unnecessarily as leave of the bankruptcy court is not required to file a lawsuit against the trustee,
2) no benefit would be derived from reopening the bankruptcy case as the Court could not afford the substantive relief requested by plaintiff because the two-year statute of limitations period for filing suit against the trustee began to run on March 7, 1994, and thereby expired on March 7, 1996, and
3) the plaintiffs' allegation that their *Complaint* was "filed" on July 21, 1995, when it was submitted to the Court as an Exhibit to the *Motion to Reopen Bankruptcy Case* is unpersuasive,
the Court finds that the *Motion to Reopen Bankruptcy Case* is not well taken and should be denied.[2]

On appeal, the district court reviewed the bankruptcy court's decision denying Appellants' motion to reopen for an abuse of discretion. The district court correctly stated the law with regard to this standard of review, as the decision to reopen a bankruptcy case is committed to the sound discretion of the bankruptcy judge and will not be overturned absent abuse of discretion.[3] Well and good, but, in concluding that the motion to reopen was not necessary, the bankruptcy court did not address the merits of the motion to reopen or discuss factors often considered with motions to reopen.[4] Indeed, the bankruptcy court was not

---

[2] Although the bankruptcy court expressed its reasons for denying Appellants' motion in open court following a hearing, no record was made of that hearing. Accordingly, all the district court had to rely upon in reviewing the bankruptcy court's decision was this two-page order.

[3] *See Faden v. Ins. Co. of N. Am.* (*In re Faden*), 96 F.3d 792, 796 (5th Cir. 1996).

[4] *See, e.g.*, *Batstone v. Emmerling* (*In re Emmerling*), 223 B.R. 860, 864–69 (B.A.P. 2d Cir. 1997) (stating various factors to be considered, including the delay between the closing of the case and the motion to reopen, whether reopening a case would prejudice the adversary, and other equitable concerns).

called upon to exercise its discretion at all, because it decided that the motion to reopen was unnecessary as a matter of law because leave to file was not required to proceed with a suit on the bond.

This conclusion misses the point of the decision required by the motion that was filed--a motion to reopen, which 11 U.S.C. § 350(b) allows Appellants to file. The question of whether leave to file was required or even whether Appellants could seek to recover on the trustee's bond outside of an adversary proceeding on the trustee's bond pursuant to Rule 2010(b) was not the question before the bankruptcy court or the district court nor the question before this court. The question presented is whether Appellants should be allowed to proceed as they wished.

The bankruptcy court's consideration of the utility of reopening never moved beyond the threshold decision that Appellants' proposed suit on the bond was time-barred. Pursuant to 11 U.S.C. § 322(d), a proceeding to recover on a trustee's bond must be commenced within two years after the trustee has been discharged. Appellants, however, argue that the statute of limitations should have been tolled with the filing of their motion to reopen, which attached, as an exhibit, their complaint against the trustee and his surety on the trustee's bond.

The district court did not review the issue of whether the bankruptcy court erred in finding that the statute of limitations for Appellants' suit against the trustee had run. Appellants,

however, saved this issue for appeal by raising it before the district court. The questions of whether the statute of limitations had run and whether equitable tolling applies to the undisputed facts of this case present questions of law for the court. Although this court could properly review the bankruptcy court's conclusion that the statute of limitations had run, we are of the opinion that this issue should be remanded for the district court to determine.

The district court should consider the following procedural history of this case. Appellants filed their motion to reopen on July 21, 1995, and attached to this motion was their complaint against the trustee and his surety on the trustee's bond. Through numerous discovery delays, due, in part, to the trustee's illness, discovery was not complete until November 5, 1997. Subsequently, the trustee died, and a suggestion of death was filed on April 14, 1998. Nothing appears on the docket of the bankruptcy case until October 8, 1998 when another suggestion of death was filed. On November 30, 1998, Appellants then moved to substitute the Executrixes of the trustee's estate as the proper parties. This motion was granted, and the case remained stagnant until December of 1998 when Appellees moved for a hearing on the motion to reopen. While we agree that the plaintiff bears some responsibility to keep a case progressing, the district court should consider whether the bankruptcy court should have initiated action, whether in the form of holding a conference or scheduling the motion for hearing.

In sum, that reopening of the bankruptcy case was not the sole avenue for the suit does not answer Appellants' motion to reopen. Regardless of whether leave was required, Appellants sought to bring suit against the trustee and his surety as an adversary proceeding in an open bankruptcy case. That objective is supported by practical considerations such as the necessity of reconstructing the bankruptcy proceeding in order to prove Appellants' breach of fiduciary obligations claim.

Whether the statute of limitations had run and whether the doctrine of equitable tolling applies to the facts of this case are for the district court to resolve. If the district court determines that Appellants' proposed suit is not barred by limitations, the district court should remand in turn to allow the bankruptcy court to decide whether, in the exercise of its discretion, it should reopen the bankruptcy case. Accordingly, we reverse the decision of the district court affirming the bankruptcy court's denial of the motion to reopen.

REVERSED AND REMANDED.