**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-10970

(Summary Calendar)

_____


In the Matter Of: JEFF RODRIGUEZ,


Debtor,

- - - - - - - - - - - - - - - - - - - - - - - - -


AMERICAN CHIROPRACTIC CLINIC - NORTH DALLAS PC;
HARRY L CURE, JR, Trustee of the Paul E. Liechty Liquidating
Trust and Sharp Family Trust

Appellants,


versus


JEFF RODRIGUEZ; FERRER, POIROT, & WANDSBROUGH
PC,


Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
3:02-CV-956-P

_____

February 10, 2003


Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

American Chiropractic Clinic (ACC) appeals the discharge of a debt in bankruptcy court. ACC argues that the debt should not have been discharged because ACC had no notice of the bankruptcy proceedings due to an improper listing of debts by the debtor, Jeff Rodriguez. Thus, ACC claims it was denied the opportunity to have its claims considered.

The Bankruptcy Code allows a debtor to discharge all debts prior to declaring bankruptcy, subject to certain exceptions. 11 U.S.C. § 727(b). One such exception, prevents the discharge of debts owed to creditors that are not timely listed by the debtor. *See* 11 U.S.C. § 523(a)(3)(A).

This circuit employs the three-prong test in *Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964), to determine whether a debtor's failure to list a creditor prevents the discharge of the unlisted debt under § 523. *In re Stone*, 10 F.3d 285, 290 (5th Cir. 1994). Courts m ust examine: 1) the circumstances surrounding the failure of the debtor to list the creditor; 2) the amount of administrative disruption that would likely occur due to that failure; and 3) any prejudice suffered by both the listed and unlisted creditors. *Robinson*, 339 F.2d at 550.

With regard to the first factor, a debtor's failure to list a creditor weighs against discharge of the unlisted debts if the failure to list a debt was intentional, fraudulent, or based on other improper motive. *Stone*, 10 F.3d at 291. If the failure to list the debt was due to inadvertence or negligence, this court has held that equity permits discharge of the debt. *Id*. The bankruptcy court found, and we agree, that Rodriguez did not act intentionally or recklessly when he failed to list the debt, so this factor favors discharge.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Second, this court must consider whether Rodriguez's failure to list ACC as a creditor disrupts the administration of the bankruptcy. This is a no-assets case, so the bankruptcy court's resolution of this prong was not error. *See In re Smith,* 21 F.3d 660, 663-664 (5th Cir. 1994).

The third prong of *Robinson* requires an examination of the potential prejudice suffered by a debtor's creditors for his failure to file. The prejudice prong is the most crucial prong of the *Robinson* test, but this court has held that creditors are prejudiced only when their rights to receive dividends and obtain dischargeability determinations are compromised. *Stone*, 10 F.3d at 291. Again, this was a no-asset case, so ACC was not prejudiced. *Id*. at 291-92.

Because the *Robinson* factors, in light of the facts in this case, favor discharge, the bankruptcy court's discharge of Rodriguez's debt to ACC was not error. Therefore, we affirm.

AFFIRMED.